**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEFFREY MICHAEL NORK

Plaintiff,

CIVIL ACTION NO. 14-12511

v.

DISTRICT JUDGE NANCY G. EDMUNDS
MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_________________________/

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, and that of Defendant **GRANTED**, as there is substantial evidence on the record that claimant retained the residual functional capacity for a restricted range of light work prior to September 30, 2009 , when his insured status expired.

## II. REPORT

### A. Introduction and Procedural History

Plaintiff filed an application for Social Security Disability Insurance Benefits (DIB) on May 11, 2010, alleging that he had become disabled and unable to work on January 1,

2003, at age 44, due to hypertension, peripheral vascular disease and status post largyneal cancer. Benefits were denied initially by the Social Security Administration. A requested de novo hearing was held on November 7, 2012[1], before Administrative Law Judge (ALJ) B. Lloyd Blair. The ALJ subsequently found that the claimant was not entitled to disability benefits because he retained the ability to perform a limited range of light work between January 1, 2003, his alleged onset date of disability, and September 30, 2009, when his insured status for receiving DIB expired. The Law Judge restricted claimant to jobs that did not require prolonged walking or standing, using foot pedals, walking on uneven surfaces, or climbing ladders, ropes and scaffolds. The ALJ further determined that the claimant needed to alternate between sitting and standing at will. Since claimant's past duties as an accounts manager and consultant were not precluded by these restrictions, the Law Judge found that he could return to his past relevant work. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment, and the issue for review is whether Defendant's denial of benefits prior to September 30, 2009, was supported by substantial evidence on the record.

---

[1] An earlier hearing was held before ALJ Blair on September 21, 2010 (TR 48-69), which resulted in a decision to deny disability benefits (TR 79-90). The Appeals Council vacated that decision on May 22, 2012, and remanded the matter for further administrative action based on additional earnings from 2007 and 2008 that extended Plaintiff's period of insured status for disability benefits through September 30, 2009 (TR 92-93). On remand, the ALJ was directed to consider any record evidence not previously considered when the date last insured was believed to be December 31, 2007, and to offer Plaintiff an opportunity for a new hearing.

Plaintiff was 53 years old at the time of the remanded administrative hearing (TR 30). He had been graduated from high school, and had earned two Associate's degrees in college (TR 31). Claimant had been employed as a real estate salesman, accounts manager (for a large automobile supplier) and had done some consulting work during the relevant past (TR 31). Claimant alleged that he was unable to work due to congestive heart problems, vocal cord cancer (in remission), severe leg pain and hypertension (TR 17, 167, 291). As a result of these ailments, Plaintiff testified that he could not engage in most exertional activities. When asked to describe a typical day, claimant stated that he was unable to sit, stand or walk for prolonged periods. Plaintiff acknowledged that he could do some cooking, light housework and personal grooming, but had difficulty moving about due to pain, swelling and numbness in his legs and fingers (TR 33-36). He blamed finger cramping for causing his hands to "lock up" (TR 34). Claimant's brother, John Nork, testified that the claimant's physical abilities have diminished dramatically in the last fifteen years. The brother stated that Plaintiff had difficulty walking even one block without being in pain (TR 44-47).

A Vocational Expert, Lawrence Zatkin, classified Plaintiff's past account managing and consulting work as sedentary, skilled activity (TR 38). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[2] (TR 41). If he were capable of light work, however, he could return to his past work as a consultant or account manager since both positions allowed a sit-stand option at will and did not involve

[2]The witness opined that, if claimant needed to frequently travel by air or automobile in order to perform his job properly, all work activity would be precluded (TR 41).

the climbing of ladders, ropes or scaffolds. In addition, both jobs did not require prolonged standing or walking, the use of foot pedals or traversing uneven surfaces (TR 38).

**B. ALJ's Findings**

The Administrative Law Judge found that Plaintiff was impaired prior to September 30, 2009, as a result of high blood pressure, peripheral vascular disease and status post vocal cord cancer in remission, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's impairments during the relevant period prevented him from working at jobs requiring the use of foot pedals, walking on uneven surfaces, or performing sustained walking or standing. Claimant was also unable to climb ladders, ropes or scaffolds, and he required a sit-stand option at will. Since Plaintiff 's past jobs as an accounts manager and consultant were not precluded by these functional limitations, the ALJ determined that he could return to his past relevant work (TR 15-20).

**C. Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court

does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

**D. Insured Status Requirements for DIB Benefits**

A "period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(I)(2). The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on September 30, 2009, and thus he cannot be found disabled unless he can establish a disability prior to that date. Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982). Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). In other words, regardless of the seriousness of his present disability, Plaintiff must prove that he was disabled between January 1, 2003, his alleged

onset date, and September 30, 2009, when his insured status for purposes of receiving DIB expired. Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

**E. Discussion and Analysis**

After review of the record, I suggest that there is substantial evidence on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work between January 2003 and September 2009. The medical evidence, as a whole, fails to provide objective support for Plaintiff's allegations of severe and totally disabling functional limitations stemming from his impairments.

During the relevant period, claimant was treated conservatively for edema and superficial varicosities in his legs. Dr. Thomas Selznick, a primary care physician, reported on February 11, 2004, that Plaintiff was ambulatory and in no apparent distress. The doctor stated that claimant's neurovascular system was otherwise negative, and that his musculoskeletal system was grossly normal. Dr. Selznick adjusted Plaintiff's medications, and advised him to minimize his use of alcohol (TR 604).

The treating physician found no edema and good pulses in Plaintiff's lower extremities during a second examination on November 29, 2004 (TR 603). Claimant's neurovascular system had some decreased pulses in dorsalis pedis and posterior tibial, but there was no ulceration on his feet (TR 603).

While an arterial duplex test performed on April 29, 2004, showed a 60 percent narrowing of the femoral artery (TR 541), the medical record reveals that Plaintiff did not feel the need to seek additional treatment for this condition. As pointed out by the ALJ,

Plaintiff either missed or canceled several appointments with his treating physician or recommended specialists during the relevant period (TR 18, 597, 598, 601, 603, 604). If Plaintiff's vascular condition was as disabling as alleged prior to September 2009, it is unlikely that he would elect not to appear for treatment.

Moreover, no examining physician of record indicated that Plaintiff was disabled, or even had limitations greater than those found by the ALJ, prior to September 2009. Contrary to claimant's assertion, the ALJ was not required to consider the clinical findings submitted by Drs. Jenning and Selznick in November 2012. Both reports were provided well after the date of last insured, and neither purport to relate back to the relevant period. They were simply assessments of claimant's condition as of the date their respective reports were written (TR 862-865).

I further suggest that the ALJ properly considered Plaintiff 's testimony concerning his daily activities when assessing his residual functional capacity to perform light work duties. Claimant admitted that he had no problem with personal care. He indicated that he was able to take care of two cats and a dog, perform light household chores, make small repairs, drive an automobile, shop for groceries, handle his finances and engage in social activities (TR 33-36, 290-297). The ALJ reasonably accommodated claimant's diffuse leg pain by restricting him from climbing ladders, ropes or scaffolds in a hazard free work environment where he had an option to sit or stand at will.

It is the rare case, indeed the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There is evidence in the record which,

taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fits in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

Given the lack of objective clinical evidence of disability prior to September 2009, I suggest that the ALJ could reasonably find that Plaintiff's impairments did not prevent him from returning to his past light work as a account manager or consultant[3]. There is medical evidence on both sides and, having examined it, I cannot say that the Commissioner's conclusion was not supportable. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms prior to September 2009, were not fully credible.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to

---

[3]The Sixth Circuit has ruled that a claimant can be denied benefits if he remains capable of returning to his former type of work even if he cannot return to the actual job held in the past. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The ALJ considered Plaintiff's assertion that he could not perform his past job as an account manager because it required a lot of walking through the plant. The ALJ found the statement inconsistent with the functional demands and job duties of the job as ordinarily required by employers throughout the national economy. Since there is substantial evidence on the record that Plaintiff could perform his past light work as an account manager, he was not disabled withing the meaning of the Social Security Act.

find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Charles E Binder
CHARLES E. BINDER
United States Magistrate Judge

Dated: May 11, 2015