UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY MICHAEL NORK,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 14-12511

Honorable Nancy G. Edmunds

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [14], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [12], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11]**

This matter comes before the Court on the Magistrate Judge's May 11, 2015 Report and Recommendation [14]. Plaintiff filed an "Appeal of Magistrate's Report and Recommendation and Request for Review" [15]. The Court will treat this Appeal as Plaintiff's objection to the Magistrate's Report and Recommendation pursuant to Fed. R. Civ. P. 72(b)(2).[1] Being fully advised in the premises and having reviewed the record and the pleadings, including Plaintiff's objections, the Court hereby ACCEPTS AND ADOPTS the Magistrate Judge's Report and Recommendation. It is further ordered that Plaintiff's

---

[1]"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."
28 U.S.C. § 636(b)(1)(C).

motion for summary judgment [11] is DENIED, Defendant's motion for summary judgment [12] is GRANTED, and the case is hereby DISMISSED.

With the exception of two arguments, Plaintiff failed to specifically identify objections to the Magistrate's Report and Recommendation and predominately rehashes arguments made in his motion for summary judgment without identifying errors made by the Magistrate. *See Davis v. Caruso*, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008) ("Aside from the untimeliness of the objection, Plaintiff does not raise specific objections to the Report and Recommendation, as required by Fed. R. Civ. P. 72(b), and merely rehashes his arguments."); *Owens v. Comm'r of Soc. Sec.*, No. 1:12-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) ( "As to Plaintiff's remaining objections, after a de novo review of the record, the Court finds that Plaintiff's objections are merely recitations of the identical arguments that were before the magistrate judge. This Court is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources." Citations omitted.).

Plaintiff directly objects to the Magistrates Report and Recommendation as follows:

Within the Magistrate Report he gives deference (page 8) to the ALJ as the only person to observe the demeanor of the Plaintiff, his actions and comparing his testimony to the medical evidence. The Plaintiff submits he puts too much emphasis on these observations to the ALJ.  The ALJ saw the Plaintiff ½ hour on two (2) separate occasions sitting in a chair at a hearing."

The Magistrate's statement is merely a statement of the "deference . . . owed to a credibility finding by a trier of fact," citing *Beavers v. Secretary*, 577 F.2d 383 (6th Cir. 1978),  and

*Williamson v. Secretary*, 796 F.2d 146, 150 (6th Cir. 1986). *See Beavers*, 577 F.2d at 387. Plaintiff has not shown how this recitation of law is in error.

While not fashioned as an objection to the Magistrate's Report and Recommendation, Plaintiff cites his brother's testimony at the November 7, 2012 hearing that Plaintiff's "physical abilities have diminished greatly" over the past fifteen years and that he had difficulty walking one block without pain. Plaintiff does not provide further explanation as to how this argument is directed at the Magistrate's Report and Recommendation. (Transcript 28, 44-47; Pl.'s Appeal of Magistrate's Report and Recommendation and Request for Review 5, ECF No. 15.) Plaintiff's brother testified that Plaintiff had always been "the most athletic" of the three brothers, yet he has a vivid memory from "probably maybe four or five years ago" that they went to a car show together and Plaintiff "was unable to walk more than a block without stopping and being in pain." (Tr. 45-46.) The ALJ's decision properly considered the brother's testimony and the ALJ's findings included limitations on walking; Plaintiff has not identified a specific related error. (12/11/12 ALJ Decision 4, 5, 7.)

The remaining arguments mirror those made in Plaintiff's motion for summary judgment, yet it is worth noting that the evidence and findings that Plaintiff identified in the argument section of his appeal were properly considered and supported in the ALJ's decision and the Magistrate's recommendation.

Plaintiff argues the following:

The essential determination made by the ALJ and affirmed by the Appeal (sic) Council is that he had the transferable skills to perform light duty work; specifically to sell commercial real estate. For a host of reasons that is not convincing. Certainly the selling of Commercial Real Estate would involve walking to the property, within it and traversing to it.

3

(Pl.'s Appeal 4.)

The Magistrate Judge found that the ALJ's determinations of Plaintiff's residual functional capacity (RFC) and ability to perform past relevant work are supported by substantial evidence. The ALJ determined that, through the date last insured, Plaintiff had the RFC to

> [P]erform light work as defined in 20 C.F.R. 404.1567(b) except the claimant requires an at will option to alternate between sitting and standing; can never use ladders, scaffolds, or ropes; may only occasionally use ramps or stairs; must avoid walking on uneven surfaces; cannot perform any sustained or prolonged walking or standing; and cannot use foot pedals. (ALJ Decision 4.)

The ALJ concluded that Plaintiff was capable of performing his past relevant work as an accounts manager (skilled/sedentary) and consultant (skilled/sedentary). (ALJ Decision 7.) Contrary to Plaintiff's challenge that "[c]ertainly the selling of Commercial Real Estate would involve walking to the property, within it and traversing to it," the ALJ did not make a finding that Plaintiff could perform his past work as a real estate agent. The vocational expert (VE) in his testimony specifically excluded the performance of the "real estate agency work" on the very basis of one of the walking limitations, stating, "that does require showing of homes, so obviously walking on a variety of surfaces." (Tr. 28.) Despite the fact that Plaintiff reported his real estate work as "commercial" while the VE referred to the "showing of homes," the end result is the same: The VE excluded the real estate job from consideration based on limitations related to walking, as Plaintiff suggested in his argument on appeal. Plaintiff's argument on this basis is without merit where there was no finding by the ALJ that Plaintiff could perform the real estate job. The VE testified that "the consulting and account-managing job does not require that level of walking and it would be

4

classified as a sedentary job," and it was these jobs, not the real estate job, that the ALJ found Plaintiff capable of performing.

Next, Plaintiff argues that the surgery and medical attention incurred after the date last insured had origins during the relevant period. He argues that the conditions "did not occur overnight but are of a duration and disabling back when he was within the insured status." (Pl.'s Appeal 4.) This case presents the problematic though not novel issue of establishing an onset of disability where Plaintiff was last insured well before the application date, and with a dearth of medical evidence from the relevant time period.

Plaintiff's date last insured was September 30, 2009. (ALJ Decision 3.) Plaintiff filed for a period of disability and disability insurance benefits. The Magistrate properly noted that "a period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(i)(2). Plaintiff must show that he was disabled prior to his date last insured and "evidence post-dating the date last insured is only relevant to the extent that it is probative of Plaintiff's health during the relevant time period. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (where the record showed a diagnosis of arthritis prior to the date last insured, the court noted that "[t]he mere diagnosis . . . , of course, says nothing about the severity of the condition."). The ALJ properly considered evidence post-dating the date last insured yet noted where much of it did not relate to the relevant period. (ALJ Decision 18-19.)

Plaintiff cites several physician's statements and letters in the record, including Dr. Selznick's June 4, 2012 opinion, and transcript pages 862-65. The letters are consistent in that none are dated prior to the date last insured, and all are consistent with the ALJ's

finding that none of the opinions or letters note limitations both existing prior to the date last insured and greater than those set forth in the RFC. (ALJ Decision 7.)

Dr. Selznick's June 4, 2012 letter references and incorporates his letter and opinion of September 20, 2010, which is closest in time to Plaintiff's date last insured. (Tr. 850-51.) In the September 2010 letter, Dr. Selznick states that he has been Plaintiff's physician since 1992, cites treatment findings in 2000, and again in 2004, yet notes nothing further until Plaintiff was hospitalized in December 2009 for shortness of breath and diagnosed with "dilated cardiomyopathy non-ischemic possibly secondary to alcohol." (Tr. 609.) Dr. Selznick himself states that Plaintiff's "cardiomyopathy has continued to progress over the past year to the point that he is unable to do many normal activities of daily living without getting short of breath." (Tr. 609.) The extreme limitations on functioning that are reported by Dr. Selznick were determined during a September 16, 2010 evaluation, nearly a full year after the date last insured. (Tr. 609.) Similarly, Dr. Selznick's March 12, 2012 letter sheds no additional light on Plaintiff's conditions during the relevant time period and the June 4, 2012 letter discusses the progression of Plaintiff's impairments since the time of the March 2012 letter. Plaintiff also cited a November 1, 2012 letter from G. Scott Jennings, D.O., F.A.C.O.S, setting forth information about Plaintiff's medical procedures and conditions from December 2011 forward. (TR. 862-63.) Dr. Selznick's November 6, 2012 letter details severe neuropathy with resultant limitations in the hands and fingers, in addition to limitations with walking, standing, sitting, riding in a car and numbness, tingling and pain in the lower extremities. Again, there is no information relating to the extent that these conditions and symptoms resulted in limitations prior to the date last insured. (TR. 864-65.)

The ALJ properly considered the evidence of record, including a lack of medical treatment between 2004 and the date last insured, as well as the opinions, and explained that the evidence did not show "significant complications" until after the date last insured and that the opinions did not show that Plaintiff had greater limitations than those set forth in the RFC prior to the date last insured. (ALJ Decision 6-7.) The evidence shows the progressive nature of Plaintiff's conditions and the cited evidence is not inconsistent with the ALJ's findings that evidence may "support the presence of greater impairment occurring after the date last insured but cannot be found persuasive in relation to the relevant time period." (ALJ Decision 7.)

For the foregoing reasons, the Court being fully advised in the premises and having reviewed the record and the pleadings, including the Report and Recommendation and objections, the Court hereby ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation. It is further ordered that Plaintiff's motion for summary judgment is DENIED, Defendant's motion for summary judgment is GRANTED, and the case is hereby DISMISSED.

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: June 9, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 9, 2015, by electronic and/or ordinary mail.

s/Carol J. Bethel  
Case Manager